525-0062 People v. Travis Turner May it please the Court, Counsel. My name is Nathan Swanson. I am here today on behalf of Appellant Travis Turner. Mr. Turner was convicted of three counts of criminal sexual assault on a jury trial. He's raised four points of error, or four allegations of error on behalf of the trial court. Kind of proceeding down them sequentially, the first two have to do with allegations of how the trial court dealt with, I'm sorry, with how the trial court dealt with allegations of potential juror misconduct. Midway through the trial, one of the jurors handed the deputy a written note. Now, I'd like to point out here that the note didn't say, what's the difference between sexual assault and rape? And it didn't say, will you define that? It said, will you tell us, I'm paraphrasing something, but use the phrase, will you tell us what the difference between those are? Which are we considering? So that note comes in. The parties talk about it. They say, we'd like you to inquire of the juror to make sure they're not talking about the case prematurely, because at this point evidence has not been completed. The trial court declines to do so. The only remedial action the trial court took was to read essentially the same instruction that the trial court had been giving up to that point, which was, please don't discuss the crucial aspect here, the crucial question, was the trial court needed to confirm that there was no premature discussion amongst the jurors. The only way to learn that was to inquire of that specific juror who had submitted the question. Now, had the trial court done so, the trial court might have excused that juror, might have kept that juror on, and that question would have been up to the trial court's discretion. But when you look at the case law, what it says is that once a proper inquiry has been made, the decision about excusing or not a juror for an amiss trial, whatever that was to be, is in the trial court's discretion. And here, there was no inquiry. Is there a law that says there has to be? Is there any discretionary? There's not an explicit law that says it has to be. I would suggest that it is implicit in the case law that talks about the inquiries, because in those cases, I think Runge is the first, I mispronounced it, Runge. Runge. Runge. Yeah. Isn't part of the discretion to decide whether to inquire? And I mean, isn't that pretty clear in the case law as well? Well, actually, it may be there was an inquiry, and maybe even it should have been best practices to conduct the inquiry. But you're not equating failure to follow best practices with use of discretion, are you? Well, what I'm suggesting is, and this is what I say, I think it's implicit in the case law that there is some duty to make an inquiry. I think Runge was the case where they said, after an appropriate inquiry, whether or not to excuse is discretionary. There's another case, and I'm going to be on the name, cited in the briefing, that talks about how it would have been best practices for the trial court to have inquired of the juror rather than the person she was talking to. I think it was a prison guard of her law. But that was sufficient because the trial court knew from that what conversations that juror had. Well, isn't it a reasonable interpretation of this statement, please provide us with the difference between rape and sexual assault, which are we considering both are being used? Isn't it just as likely an interpretation of that note is that this individual juror has independently decided to ask on behalf of the jury the question? I certainly would agree that that is a permissible interpretation of that. I don't know if you can assign probabilities to it, because we just don't know. But if you acknowledge it's a reasonable interpretation, then where's the abuse of  By failing to figure out which of those interpretations, because Justice, if you're correct, that it was equally possible. Well, if the one is they're talking about it, and the other is it's just one person, and we don't know, how can it be reasonable not to clarify that? Because it is a problem. Everyone would concede if the jurors are talking about the case before it's been submitted. But he does tell the jurors, you're going to be instructed at the end of the case, don't talk about the case. He does tell the jurors that, but he'd been telling them that before. And we still have this question from the juror saying, which are we considering? Will you tell us? So in light of that, it at least creates the possibility, it opens the door to the wondering, is the jury disregarding the instructions? So under the facts of this case, I would argue that it would be an abuse of discretion not to at least clarify that point. You don't need to bring all the jurors in. That would be premature. That would be a bridge too far. But this juror would say, I just want to make sure you're not talking about this with other people. Judge could have done it. Correct. Let's assume the judge should have done it. Is that an abuse of discretion? If he should have done it, I would argue that it is an abuse of discretion. As part of best practices. Yes. And that's where I'm standing. Not following best practices is not the same as an abuse of discretion. You would agree with that? I would agree with that. And I guess here's where I would clarify that. Best practices, so if the question is, is the juror talking, are the jurors talking amongst themselves? Best practices is ask the juror who you're concerned about. Now, that's best practices. There are other possibilities. You know, have these jurors been sequestered from each other? Have we talked to the person they were talking to? Whatever it happens to be. Some other way of determining that fact. But, so if there's best practices, there's less good practice, and then there's no practice, is what we have here, where the judge didn't do anything to resolve the question. He did not know. And with that, that's where I would argue an abuse of discretion. Because he doesn't have the information to make the determination. But he did something. He instructed the jurors. He did instruct the jurors, and it was essentially the same instruction that he had been given thus far. Which... And what do you, what do you have done different? Dismiss the juror? It would depend on... We don't know. If, and that's the question. If that juror had, if the juror who asked the question came in and said, no, that's just my question. Okay. Send him back and proceed along. It seems like the standard of review is very differential here with abuse of discretion. It has to be something that... I can't even imagine how we would know, under your scenario, how we would know what to do next, other than give an instruction that says, don't talk about the case? Well, I guess I should clarify. What did you say? How would we know what to do next from if the juror had been inquired? You're saying the only appropriate response was to inquire of the juror at a minimum? I wouldn't say that. The only appropriate response would be to have some information upon which to decide whether or not an inquiry was necessary. So if you... So you can't even concede to that question that you have to ask? Well, I'm not trying to dodge the question. I'm truly not. No, I'm trying to understand where the error is that you're claiming. And the reason I'm quibbling with the question is that I would not go so far as to say you always have to talk to the juror. That's the bridge too far for me. But you have to... I would suggest that it is an abuse of discretion to not do anything besides read the same instruction. That's where I would go. Okay. General, do you want to move on? Yeah, I'm sorry. I don't know. Not at all. No, I'm sorry. I'm reading roughly. The trial judge's discretion clearly extends to the initial decision whether to interrogate jurors. I mean, that's roughly your case. Yes. And why I would say that it would be an abuse of discretion here would be because the lack of any information upon which to base a decision to not inquire. If you've got the question, you have to answer it somehow or at least have some indication. Some investigation. Something. Exactly. Gotcha. Which I think is also an excellent segue for me to go to the second point, which also has to do with the failure to investigate an allegation that was made. This is, the second point is brought on plainly error. It alleges that the trial court plainly erred by failing to conduct an evidentiary hearing on the post-trial allegation of juror misconduct. What the case law says is that it's an abuse of discretion to fail to do so when there is a sufficiently, I'm paraphrasing, specific allegation of juror misconduct. Here we have what the jurors allegedly talk about and the person who saw them. So the only thing I would concede or I would suggest is missing there is which juror it was, the juror number. Well, the trial court could have found that out by saying, hey, this witness, who will talk to you? The trial court knew that. We'll come in and testify to that. What witness? What was presented to the court to raise that concern? It was included in the defendant's motion for a new trial, Your Honor. The anonymous source? The motion for a new trial described it as anonymous or didn't specify it. As to the hearing on it, it was made clear that it was a member of the defendant's family. So was it anonymous? Semi-anonymous, I guess, I would concede. But it wasn't anonymous in the sense that the trial court could not have followed up and received that information. The trial court wasn't aware that this witness will be made available to investigate this, if you wish. Did the trial court specifically ask the defense counsel whether he wanted to present evidence? He did, yes, Your Honor. The defense counsel said no? Correct. Well, okay. The defense counsel said maybe we should have some further investigation on this. And if you remember, I don't recall specifically, so I don't want to stake my claim as to that, but that may have been. And it may very well be that the failure to request a hearing, that that could have been some form of error on the defense counsel's part, but that's not where we are right here. This is why I brought this as a plain error. When the trial court knew this, the trial court should have investigated just to put the nail in the coffin and nail it down. And so, it's sui sponte, should have decided to have a hearing? Sui sponte said, if you said that this witness is available, and they have, then I'd like to hear from that witness. Now, if it hadn't provided that statement, different analysis would have. Okay. Quickly move on to your other arguments, since you're out of time. We've taken your time. I don't think you've taken it. It's my negligence. Points three and four have to do with evidentiary errors. Point three alleges the trial court erred by excluding testimony, an argument, and cross-examination that stems from a statement made by a witness that did not testify to material crimes of doubt. Point four alleges that that testimony should have been admissible as a statement against Mr. Delk's interest, and even if that were not the case, it should have been admissible under two other grounds. One was to explain the effect on the listener, in this case the officer, and the other was simply to ask the complaining victim, did you say this thing? Now, they could not have impeached you with it, but the defendant was only allowed to ask, were you flirting? That's different from saying, did you say, make this statement to the defendant, which touched directly on the issue of consent, which was part of the defendant's defense. That's, you know, if you don't buy that the information was, or that Mr. Delk's statement was a statement against interest and therefore admissible over a hearsay objection, it still had non-hearsay purposes for which it could have been admissible, and even if it wasn't admissible at all, asking the complaining witness, did you say this? Mr. Turner would have been stuck with the answer, but he should have been permitted to at least ask that question. And then the final point has to do with evidence that was submitted that states that the complaining victim had been a virgin prior to the incident. Before trial, that was excluded. During trial, the defense counsel asked the investigating officer, he asked him a series of questions about things the investigating officer did not follow up on. Did you follow up on why the victim's nails weren't broken if she said she had been scratching and fighting? A few other questions, and did you follow up, did she tell you that she called her boyfriend because she felt bad? Yes, did you follow up on that? Because the phone records reflected no such calls. The state asked to admit the evidence that she said in the middle of that statement, because I'm a virgin, that's reserved for him. Well, first, the state is not in a position to waive the victim's rights under the Rateshield Law, and that's what the state did here. But beyond that, the rule of completeness, even if it applies to the Rateshield Law, that statement did not make, the admitted statement, did not change the understanding of what the questioning was. The questioning was, she said she called him, she didn't. Did you ask about that? That was the line of questioning. The statement that I'm a virgin does not make that any different. It doesn't clarify something that the jury were to take and obey incorrectly. And I'm not... In the context of the entire substance of the statement... Yes. The notion that it's material to this case is the entire statement, and the defense attorney chose to leave a big part of it out. Well, the parties agreed to keep that part out earlier, but yes. And had the defense attorney later... I think one of the things the state suggested the trial court were concerned about is he might argue later that she was feeling guilty about it. And certainly, had he done that, had that come up at a later time, then there might be an argument that the admitted portion needed to come in to avoid a misunderstanding of what the statement was. But that's not the context of this question here. Just so I'm clear on this, you're not arguing that the Rateshield Law, a law by the General Assembly, trumps a Supreme Court rule... Oh, no. Like the rule of completeness. No. You're saying in the application of the rule of completeness, in this setting, was improper. Yes. Got it. And there are no further questions on that issue? Questions? No. Thank you. Okay. Thank you. Thank you very much. You'll have a few moments after the statement. We hear from the state. Mr. Nicolosi. Correct. Perfect. Good morning, Your Honors. May it please the court, counsel. My name is Justin Nicolosi. I represent the state of Illinois in this case. The state asked this court to affirm the defendant's conviction. Regarding the first issue, counsel said that the judge did nothing in this case. The state would disagree. The judge did do something. He actually considered the question that was posed by the jury. As I argued pretty thoroughly in my brief, this question that the jury posed was just about the legal definitions of two terms. That were being used interchangeably by witnesses at trial. They were discussing, they mentioned the rape kit and the sexual assault kit. I think multiple witnesses mentioned that. They used it repeatedly. This juror was wondering what the definition of those terms were. The state submits that the court did not abuse its discretion in instructing the jury that they would be provided all the legal definitions necessary at the end. This question did not suggest anything about the evidence in this case. It didn't suggest that some sort of extrinsic information was given to the jury in the jury room. It didn't suggest that anyone's mind was made up before. As I argued in my brief, those are the key considerations here. This question was purely about legal definitions. And the state submits there's no automatic duty for a court to inquire upon jurors. The judge considered this question, realized it was just about legal definitions, instructed the jury, no abuse of discretion on that issue. Regarding issue two, similarly here, as your honors were discussing with counsel, there's no specifics here of what this person in the gallery heard from this particular juror. And your issue two is what? Oh, I'm sorry. It was counsel's issue two. Whether the court should have inquired about the jury misconduct claim, about someone in the gallery had allegedly heard a juror discussing with a bartender things about the case, asking about whether they knew the defendant's age or knew him in the motion for new trial. The defense presented that and only that as evidence of asking for some sort of an inquiry into that issue. But they didn't even present the name of the juror. They didn't present the name of the gallery member. They just said this person would be willing to speak with the judge in camera outside the courtroom. The court found, as your honor had mentioned, the court had asked if there was any evidence to present. Defense counsel said no. They're still investigating. States admits that was insufficient to warrant any kind of inquiry. There's just no specifics. In my brief, I discussed the facts of the Kuntu case pretty heavily. I'm not going to go over that for this court this time. But that case involved specifics and details and names and certainly could point to some sort of prejudice. And in this case, there just simply is an insufficient substantive basis to even request an inquiry. So the state submits the court was proper on that issue. Regarding issue three, the state submits that the court didn't abuse its discretion in excluding the statements from Alfonso Delk. This is not admissible as a statement against interest for the reasons I discussed in my brief. It wasn't against Mr. Delk's interest in any way. This wasn't admissible for any kind of effect on the listener, as defendant argues in his brief. There was no effect. Delk gave these statements to the police. They didn't investigate them at all. So you can't. This witness was deemed unavailable. They were trying to make him unavailable. Yes, Your Honor. You agree that he was not unavailable? I agree he was unavailable. I can't really argue that he was available because they just couldn't find him. I think he had another warrant, and they couldn't. What if he was secreting himself from being a defendant or showing up? Are you available if you intentionally secret yourself? For purposes of testifying in another trial and being open to cross-examination, I would say you are unavailable. I don't know the law on that particular issue. I didn't research that. But I would say for purposes of our discussion, it would be about the same. If you can't physically get him into court to respond to questions regarding your role in this case, I don't think I could come up with a culpable argument that he was available, Your Honor. So the fact is he was unavailable, you can see, for these purposes. Yes. The statements were made close in time to the event. Yes. The statements were made to police in a formal, recorded interview, right? Yes. Okay. Doug did not benefit by making any of the statements. So we're down to whether the statements would subject him to civil liability. Yes.  As I argued, Your Honor, in my brief, this does not, none of his statements do not subject him to civil liability in this case. They just were not against his interest in any way, shape, or form. Regarding Issue 4, which is the issue regarding the I'm a virgin, that was for him, a portion of McKayla Grogan's quote that was omitted, and there was a discussion, and it was eventually included back into that statement. As I argued in my brief, without that, the I'm a virgin that was for him quote, the jury is misled by what Sergeant Zaber provided to the jury. As the court even said at the sidebar when they were discussing with the parties, the court said, you know, without that portion, I would be confused, too. I would be misled because it sounds like that she is saying, I feel bad, I feel guilty, as if she made a decision to consent to sex with the defendant. With the I'm a virgin that was for him, that shows why she was upset. It wasn't a choice that she made. Something for purposes of this discussion was taken from her and taken from Spencer Suckup, who was her boyfriend. That is a critical part, as the prosecutor argued before. That's a critical part of that quote. And without it, it is completely misleading. And for the rule of completeness, it was important that that is included in the statement to give the proper context to what she was talking about. How do you see the appellant's contention that that testimony should not have been barred in the first place? Do you understand what I'm saying? I was talking about the testimony that the victim would offer was objected to as the basis for exclusion. I was talking about the rape shield portion of this. I think, as this court stated in 1997 in People v. Health, it observed that the rape shield statute shouldn't be mechanically applied to obscure relevant evidence. And I think, as Your Honor was discussing with counsel, the completeness doctrine supersedes the rape shield law in this regard because that is relative evidence. That portion of the quote was relative evidence, and it needed to be provided to give the jury the proper context to her statement. And I think, in that regard, the decision here was proper. That's all I have. If there are any other questions on any of these issues, I'd be happy to answer them. No, thank you. No, thank you. All right. Thank you. Thank you. Just very briefly, Your Honor, with regards to the appellant's second point, the State argues that there were no specifics. I would just reiterate there was no specifics as to the juror's misconduct. The defendant had alleged where the statement had been made, what the juror had been asking about, when it had occurred. The only things missing was the name of the juror and the name of the witness. The witness was available and could have identified the juror. So to the extent that those things are not there, it's because the trial court didn't inquire into it. As to the fourth point, the rake-shield issue and evidence of the victim's virginity, I would, again, also reiterate these questions were not asked of the victim. The context of the question was asked of the police officer as a series of questions about things that the police officer did not follow up on. And the question about her statement that she called her boyfriend was along with questions about, did you look at the phone records which showed no such call was made? So had it been a different situation? Had the defendant asked the victim about this? Had he tried to argue the point that while she acted like she was sad? That's a different analysis. How did the substance of the statement get in front of the jury? The police officer was asked about this. By who? By the defense attorney. So the defense attorney, as a matter of strategy, chose to put this information in front of the jury that the state argues is missing something important, asked the court to include the missing part they thought was important, and the court did. Correct. Yeah. My issue with this is they say that part is important, but to say that part is important takes it out of the context it was made in, the question was made in, and the context of the evidence was placed in front of the jury. In that context, the import of the statement was she called, said she called, she didn't. Why would the substance of the call be important at all then? If the only point is she said she didn't call and the evidence was that she called, why put any of the statement in front of the jury? I'm sorry, your Honor. She said she called and the evidence was she did not. Right. Sorry. I guess part of the statement, she didn't talk about why. I don't believe they submitted what she supposedly talked about. I'm sorry. She said she called because she felt bad. And yet if she would argue that that portion was irrelevant, then the state should have objected that that portion is irrelevant, not I get this other part in now. Because the import, again, from the context was clear. It's she said she called, she didn't. Okay. Further, I'd ask that you vacate the convictions. The relief you're asking for is to vacate? To vacate the convictions and remand for a new trial. Okay. And the last two contentions of error are to be reviewed under plain error? The statement? No, those were objected to at trial, and then they were included in the motion for new trial. Okay. So what is the plain error argument? The plain error is a point to the failure to investigate the claim of jury misconduct. Okay. Any other questions? No, thank you very much. Any questions? No, thank you. All right, thank you, Mr. Swanson. Thank you, Mr. Nicolosi. We appreciate your time here today. This matter will be taken under advisement. We'll issue an order in due course.